IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN,<br><br>               Plaintiff,<br><br>vs.<br><br>JESSICA WEISE, "DHHS";<br><br>               Defendant. | **8:25CV665**<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff Violet Goodwin ("Plaintiff"), a non-prisoner, filed her Complaint on November 18, 2025, alleging what appear to be civil rights violations (the "Complaint"). Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5.

This matter is now before the Court to conduct an initial review of Plaintiffs' pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e). The Court finds the Complaint is subject to dismissal without prejudice pursuant to 28 U.S.C. § 1915(e) as it contains multiple deficiencies. However, in lieu of dismissal, this Court shall sua sponte grant Plaintiff leave to amend her Complaint in accordance with this Memorandum and Order.

## I. SUMMARY OF COMPLAINT

The totality of the claims alleged in the Complaint against sole defendant Jessica Wiese ("Wiese") who Plaintiff alleges is a "ADHHS[1] worker," are as follows:

[1].     [Wiese] conspired with other Caucasians, and intentionally twist, lie, and discriminate[d] against the Plaintiff, and stop Plaintiff's pay, without a hearing, willfully depriving the Plaintiff of her constitutional and federal rights.

---

[1] As Plaintiff uses "DHHS" in the caption and throughout her Complaint the Court presumes the "A" she lists is a typographical error. The Court shall omit the "A" from DHHS for the remainder of this Memorandum and Order. Further, although undefined by Plaintiff, this Court presumes that the acronym DHHS stands for the Nebraska Department of Health and Human Services.

[2].   [Weise] did not interview any of the Plaintiff's witnesses, violating the Plaintiff's witnesses, violating the Plaintiff's rights guaranteed by the constitutional right to due process, and equal protection under the law.

Filing No. 1 at 1 (spelling, capitalization, and punctuation corrected).

As relief, Plaintiff seeks $500,000 in compensatory and punitive damages, declaratory judgment, for defendant Weise to be drug tested and "investigated", and whatever else the Court deems just. *Id.* at 3-4.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III.  DISCUSSION OF CLAIMS

Upon review of Plaintiff's Complaint, the Court has found summary dismissal of the Complaint appropriate.  Although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure.

As an initial matter, Plaintiff lists 18 U.S.C. § 242 as the jurisdictional basis under which she seeks to proceed.  Filing No. 1 at 1.  However, 18 U.S.C. § 242 is a federal criminal statute which is only enforceable by the federal government, not private citizens. *See, e.g.*, *Cito v. Bridgewater Twp. Police Dep't.*, 892 F.2d 23, 26 n.3 (3d Cir. 1989); *Keyter v. Bush*, No. 04–5324, 2005 WL 375623, at *1 (D.C.Cir. Feb 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied*, 546 U.S. 875 (2005); *Pope v. Thornburgh*, 978 F.2d 744 (D.C.Cir.1992) (per curiam) (affirming dismissal of claims under 18 U.S.C. §§ 241, 242, 245 because no private right of action exists under those statutes).  Moreover, just as a private person cannot bring criminal charges, neither can this Court.  *See* *Welch v. Wright*, No. 4:23CV3128, 2023 WL 5487111, at *1 (D. Neb. Aug. 24, 2023) (citing *Juste v. Marie Brennan*, No. CV 4:16-3757-MGL-TER, 2016 WL 7669500, at *3 (D.S.C. Dec. 19, 2016), *report and recommendation adopted*, No. CV 4:16-03757-MGL, 2017 WL 86134 (D.S.C. Jan. 10, 2017) ("a plaintiff filing a civil case cannot bring a criminal case against another person." (citing *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990))).  As such, to the extent Plaintiff seeks to

prosecute or have this Court prosecute Weise and/or order drug testing and other investigations as part of that prosecution, or otherwise obtain relief under the criminal statute cited, such relief cannot be obtained.  *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (both the decision to prosecute and what charges to file are decisions that "generally rest in the prosecutor's discretion.").

Unlike 18 U.S.C. § 242, 42 U.S.C. § 1983 does provide individuals with a civil cause of action to recover damages for the deprivation of constitutional rights.[2]  However, even had Plaintiff brought suit under 42 U.S.C. § 1983, Plaintiff's Complaint requires significant amendment to proceed.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).  Here, Plaintiff's Complaint fails to meet this minimal pleading standard.

Plaintiff's claims seem to arise out of some sort of agreement between Plaintiff and/or her (unnamed) company and DHHS to give emergency care, meals, medication management, transportation to and from medical appointments, and daily therapy to

---

[2] To proceed under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute *and also* must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

4

individuals.  Filing No. 1 at 2.  However, it is unclear to this Court how sole defendant Weise is involved in this case.

For example, Plaintiff alleges that Wiese "intentionally presented a story in a twisted way to damage Plaintiff's image," *see* Filing No. 1 at 3, however Plaintiff does not explain who Weise told or how the contents of the story and Weise's telling constitute a constitutional violation.  She also contends Weise "never interviewed any of our witnesses and never discussed in a professional matter what 'our client's' personal history, or the history of the agency, and what our role was with saving her life."  *Id.* at 3-4.  Without further explanation as to who and why Weise was involved with Plaintiff this Court can only guess as to why Wiese was allegedly supposed to perform such interviews/investigations.  Put another way, it is unclear to this Court why DHHS is involved with Plaintiff and/or her business (e.g., it is unclear if Plaintiff and/or her company have a contract with DHHS to perform services, or why DHHS is involved with Plaintiff), how Weise is involved with Plaintiff (e.g., it is unclear if Weise is an employee of DHHS or another contractor or a private individual), and what actions Weise took or did not take which Plaintiff alleges as establishing claims redressable by this Court.  Moreover, Plaintiff concludes that Weise undertook certain actions because Plaintiff is not a Caucasian but she does not supply any factual background to support her claim (e.g., the Complaint does not state what Weise did to Plaintiff which supports any racial discrimination claim).  And finally, although Plaintiff only names a single defendant, she alleges "the defendants colluded with and conspired with their 'friends' . . . that they do business with to steal Plaintiff's poor client" and that she believes the "defendants are receiving kickbacks from

5

other agencies," indicating Plaintiff perhaps intended to name more defendants than just Weise. *Id.* at 1.

In lieu of dismissal, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes her claims against defendant Weise (and any other defendants Plaintiff names in her amended complaint if Plaintiff adds additional defendants). *Plaintiff should be mindful to clearly identify each defendant, explain what each defendant did to her, when each defendant did it, how each defendant's actions harmed her, what specific legal right or rights Plaintiff believes each defendant violated, and the jurisdictional basis for this Court to review her claim(s) if not under 42 U.S.C. § 1983 as discussed herein.* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, all claims against Weise will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

Accordingly,

IT IS ORDERED:

1.      Plaintiff shall have until **April 27, 2026**, to file an amended complaint that clearly states a claim upon which relief may be granted against each named defendant in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, her claims against defendant Weise will be dismissed without further notice and the case shall be closed.

2.      The Clerk's Office is directed to send Plaintiff a copy of the non-prisoner civil complaint form.[3]

3.      The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **April 27, 2026:** Check for amended complaint.

4.      Plaintiff shall keep the Court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

5.      To the extent Plaintiff seeks additional time to comply with this Memorandum and Order, Plaintiff must file a written motion for an extension with this Court prior to the expiration of the April 27 deadline, explaining both why she requires additional time and how much additional time she seeks.

Dated this 27th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[3] It is not required that Plaintiff utilize the attached form complaint.  However, if Plaintiff chooses to do so she may attach any additional pages necessary to fully address her claims as discussed in this Memorandum and Order.

7