IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA WEISE, "DHHS"; and NEBRASKA DEPT OF HEALTH, HUMAN SERVICES (DHHS), et all and co-conspirators;<br><br>Defendants. | **8:25CV665**<br><br>**MEMORANDUM AND ORDER** |

The matter is before the Court on an Amended Complaint filed by Plaintiff Violet Goodwin on June 3, 2026, pursuant to the "Klu Klux Klan Act of 1871," which the Court construes as being brought pursuant to 42 U.S.C. § 1983.[1] Filing No. 9. The Amended Complaint was filed after this Court found her November 11, 2025, Complaint, Filing No. 1, subject to dismissal without amendment under 28 U.S.C. § 1915(e) (the "Initial Review"), Filing No. 6.

This Court now proceeds to review the Amended Complaint under 28 U.S.C. § 1915(e), and, for the reasons that follow, determines that summary dismissal is appropriate.

## I. SUMMARY OF COMPLAINT

Plaintiff sues Jessica Weise and the Nebraska Department of Health and Human Services ("NDHHS") for monetary damages for their actions relating to Plaintiff's position

[1] The Klu Klux Klan Act of 1871 is now codified as 42 U.S.C. § 1983. *See Manos v. City of Green Bay*, 372 F. Supp. 40, 45 (E.D. Wis. 1974).

as a "provider" for a non-profit business "helping the under-privileged, disadvantaged, under-represented, women, and women of color attain services in legal, health and education."[2] Filing No. 9 at 6. Specifically, Plaintiff alleges that in 2026 the "state of Nebraska stopped our pay because [a] client got into a fight with the independent contractor" while in the care of Plaintiff and/or the independent contractor she worked for. In a separate incident in 2025, Plaintiff appears to allege a due process violation stemming from the denial of critical care to a client in her care. *Id.* at 6-7.

As relief Plaintiff seeks monetary damages. *Id.* at 4, 7.

## II. INITIAL REVIEW STANDARD

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[2] Although not succinctly stated, the Court presumes for purposes of this review that Plaintiff's position as a "provider" was obtained in conjunction with work performed through an unnamed non-profit operating as an independent contractor for NDHHS. *See* Filing No. 9 at 6 (alleging that "[w]e are in an agreement with [NDHHS].").

## III. DISCUSSION

### A. Defendant NDHHS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–378 (8th Cir. 1981).

Here, Plaintiff names NDHHS, an instrumentality of the state, as a defendant and requests monetary damages only. Filing No. 9 at 1, 4, 9. As the Eleventh Amendment bars monetary damages claims against state instrumentalities absent a waiver of immunity by the state or an override of immunity by Congress, and there is no such waiver or congressional action here, Plaintiff's claims against defendant NDHHS cannot proceed and NDHHS must be dismissed from this suit.

### B. Defendant Weise

Plaintiff’s claims against the remaining defendant, Weise, also cannot proceed.

As previously noted in the Initial Review, “Federal Rule of Civil Procedure 8 requires that every complaint contain ‘a short and plain statement of the claim showing that the pleader is entitled to relief’” and must state enough information to provide a defendant fair notice regarding what the claim is and the grounds upon which it rests. Filing No. 6 at 4 (citations omitted). Moreover, “[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice" to meet Rule 8 pleading standards. *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

Although Plaintiff was instructed in this Court's Initial Review to clearly identify each of the Defendants, explain what each Defendant did to her, when each Defendant did it, how each Defendant's actions harmed her, and what specific legal right or rights Plaintiff believes each Defendant violated, *see* Filing No. 6 at 6, Plaintiff has again failed to do so. While she alleges Due Process and Equal Protection violations apparently perpetrated by Weise, the only information this Court can ascertain from the Amended Complaint is that Weise was somehow involved in placing Plaintiff on an "Adult Registry," resulting in Plaintiff and/or the independent contractor she appears to work for losing pay and/or revenue and subsequent work from NDHHS.

Upon review of her initial complaint this Court found that the following deficiencies needed to be corrected for any claims to potentially proceed against Weise:

> Plaintiff alleges that W[ei]se "intentionally presented a story in a twisted way to damage Plaintiff's image," however Plaintiff does not explain who Weise told or how the contents of the story and Weise's telling constitute a constitutional violation. She also contends Weise "never interviewed any of our witnesses and never discussed in a professional matter what 'our client's' personal history, or the history of the agency, and what our role was with saving her life." Without further explanation as to who and why Weise was involved with Plaintiff this Court can only guess as to why W[ei]se was allegedly supposed to perform such interviews/investigations. Put another way, it is unclear to this Court why DHHS is involved with Plaintiff and/or her business (e.g., it is unclear if Plaintiff and/or her company have a contract with DHHS to perform services, or why DHHS is involved with Plaintiff), how Weise is involved with Plaintiff (e.g., it is unclear if Weise is an employee of DHHS or another contractor or a private individual), and what actions Weise took or did not take which Plaintiff alleges as establishing claims redressable by this Court. Moreover, Plaintiff concludes that Weise undertook certain actions because Plaintiff is not a Caucasian but she does not supply any factual background to support her claim (e.g., the Complaint

> does not state what Weise did to Plaintiff which supports any racial discrimination claim).

Filing No. 6 at 6. However, the only portion of Plaintiff's Amended Complaint discussing defendant Weise simply states the following:

> The defendants Policy, Practice, and Procedure violate Petitioner's rights and were arbitrary, malicious, and part of the "racially charged" hate tactics used by individual persons, "Jessica W[ei]se", who are from areas where only "Caucasians" live and discriminate against persons of color, women of color and violate their rights on a regular.

Filing No. 9 at 7. As such, Plaintiff still fails to provide basic information such as who employs Weise, what Plaintiff's relationship is with Weise, and what Weise actually did to Plaintiff and when.

For example, to state an equal protection claim a plaintiff must show that a defendant intentionally treated her differently from others who are similarly situated and that no rational basis existed for the dissimilar treatment. *See Mathers v. Wright,* 636 F.3d 396, 399–400 (8th Cir.2011) (citations omitted). However, Plaintiff simply concludes an equal protection violation occurred but supplies no facts to support that her treatment by Weise was different to Weise's treatment of other similarly situated persons. Similarly, while stating a claim under the Due Process Clause requires a plaintiff to demonstrate "(1) a cognizable property interest; (2) a deprivation of that interest and (3) a denial of due process," *Walters v. Weiss*, 349 F. Supp. 2d 1160, 1167 (E.D. Ark. 2003), *aff'd*, 392 F.3d 306 (8th Cir. 2004), Plaintiff does not identify a state or federal law which confers a "legitimate claim of entitlement" to employment as an independent contractor.

Ultimately, this Court cannot guess as to what Weise did which may or may not provide a basis for Due Process or Equal Protection violations, nor shall Plaintiff be given another chance to provide one.

As both defendants NDHHS and Weise shall be dismissed and as no other defendants remain, the Amended Complaint shall be dismissed in its entirety.

IT IS THEREFORE ORDERED: the Amended Complaint, Filing No. 9, is dismissed without prejudice for failure to state a claim on which relief may be granted. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 20th day of November, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge